## Dodge *vs.* Dodge and others.

When it clearly appears, from a will, that the testator has distributed the residue of his property, after making provision for his widow, amongst his children or other persons, in such proportions as he considered them entitled to; and that, to allow the widow to take both the provision of the will and her dower out of the estate would defeat, or materially lessen, the allotments to all or any of the devisees or legatees, the intention of the testator, not to give her both the provision and dower out of his estate, is plainly manifested, and the court should require the widow to elect.

A testator, by his will, devised to his wife, during her life, the use of the homestead at T. except such part as he bequeathed to his son. He then gave to her an annuity of $400 during life, charged upon certain lots situate in the city of New York, which lots were divided among his children. It was provided that those lots should be holden to pay their respective shares of the annuity, in proportion to their assessed valuation in the public inventory of property. It was further provided that the testator's son J. should never possess the right to sell the house and lot devised to him, but that the same should be held by a trustee to be appointed by the court, and the trust should cease at the death of J.; and that J. should not receive any income from the rents or profits of the premises, unless he should become the head of a family; in which case the entire annual income should accrue to him; or if J. should remain single, at the age of 40 years and upwards, and become infirm or unable to support himself, the trustee was directed to grant

him an annuity of $100 for his support.  It was further provided that as there were certain incumbrances upon the New York lots, the proceeds and profits of the estate, after the necessary current expenses were paid therefrom, should be appropriated to pay the annuity.

*Held* that the provisions of the will, in behalf of the testator's children, demonstrated that it was not his intention to give the widow both dower and the annuity; and that she was bound to elect between the annuity and her dower.

APPEAL from a judgment entered at a special term.  The plaintiff, Abigail Dodge, was married to Josiah Dodge, December 29th, 1846.  On the 20th day of March, 1855, Dodge died, at Troy, in the state of New Hampshire, where he then resided, leaving him surviving Sarah E. Flagg and Josiah Dodge, children of a former marriage, and Henry Dodge, an infant, the issue of the marriage with the plaintiff. At his decease, he was seised in fee of real estate, in New York and New Hampshire, being dwelling houses and lots, numbers 89, 91, 93 and 95 West Eleventh street, in the city of New York ; also, three unimproved village lots in South Fordham, Westchester county, in this state.  Also, a piece of land, with the buildings thereon, known as the Homestead, situate in Troy, Cheshire county, New Hampshire.  Also, two other parcels of land, situate in Troy aforesaid.  Josiah Dodge made his last will and testament, by which he devised to the plaintiff a life estate in the homestead at Troy, and bequeathed to her an annuity of four hundred dollars, chargeable upon the rents of the four houses in West Eleventh street.  By the terms of the will the real estate is devised as follows : To Sarah Elizabeth Flagg, houses and lots Nos. 89 and 93 West Eleventh street ; also, lots 67 and 3 South Fordham, in fee.  To Josiah Dodge, lot 39 South Fordham, in fee ; also, house and lot number 95 West Eleventh street, in trust during his natural life, with the qualifications and conditions by said will imposed.  Elbert L. Burnham was appointed trustee by the supreme court, Oct. 30, 1856.  To Henry Dodge was given the house and lot number 91 West Eleventh street, New York ; also three parcels of land in

Dodge *v.* Dodge.

Troy, New Hampshire, including the homestead, in fee, subject to the charges in said will mentioned. The pecuniary allowance provided by the will for the widow has been at all times punctually paid to her. This action was commenced to procure an admeasurement of dower, which the plaintiff claimed, notwithstanding the provisions of the will. The action came on for trial before Justice ROOSEVELT, at a special term, in December, 1857, and judgment was given in favor of the plaintiff for the reason that although there was no probability that the testator intended that the plaintiff should have both the annuity and her dower, yet, as he had not said so, in terms, and as there was no absolute incompatibility, she was entitled to both, and was not required to elect.

*E. W. Dodge,* for the appellants.

*Geo. F. Strong* and *M. S. Bidwell,* for the plaintiff.

*By the Court,* MULLIN, J. The only question presented by the appeal in this case is, whether, under the provisions of the will of Josiah Dodge, deceased, the widow is compelled to elect between the provision made for her by the will, and her dower; or whether she is entitled to both the provision and the dower.

The will devises to the wife during her life the use of the homestead at Troy, in Cheshire county, New Hampshire, except such part as he bequeathed to his son. He further bequeathed to her an annuity of $400 during life, payable semi-annually in sums of $200 each, the first payment to be made in six months from his decease. This annuity was charged upon the testator's real estate situate in West Eleventh street in the city of New York. This real estate was disposed of as follows : Lots Nos. 89 and 93 to his daughter Mrs. Flagg ; to his son Josiah, No. 95 ; to his son Henry, No. 91. It was further provided by said will that said lots should be holden to pay their respective shares of said annuity, in

proportion to their assessed valuation in the public inventory of property. It was also provided that said Josiah should never possess the right to sell said premises, but that they should be held by a competent trustee, to be appointed by the probate court, which said trust should cease at the death of said Josiah, and that said Josiah should not receive any income from the rents or profits of said premises unless he should become the head of a family, in which case the entire annual income should accrue to him ; or if Josiah should remain single, at the age of forty years and upwards, and become infirm or unable to support himself, the trustee was directed to grant him an annuity of $100 for his support. It was further provided by said will that as there were certain incumbrances upon the Eleventh street property, the proceeds and profits of said estate, after the necessary current expenses were paid therefrom, should be appropriated as far as necessary, and were made liable to pay said annuity.

These are all the provisions of the will in relation to the Eleventh street property.

It seems that the testator died possessed of a considerable amount of personal property, and seised of other real estate in New York and New Hampshire. He gave portions of the real estate out of the city of New York to each of his children, and to some of them shares of his personal estate.

Whether the division of his estate amongst his children was an equal one, neither the pleadings nor the evidence enable us to determine. It is enough for us to know that he was competent to understand the claims of the several members of his family upon his bounty, and he is to be presumed to have made such a division of his property as was right and just in view of the situation and claims of his wife and children.

The right of the widow to dower in the lands of her husband is superior to all other liens and claims upon it not created by her act, or existing at the time of the marriage. The husband cannot, by any act of his, deprive her of this right.

Dodge *v.* Dodge.

If he makes provision for her by his will, and does not declare that it shall be in lieu of dower, she is, as a general rule, entitled to both the provision and dower. (*Fuller* v. *Yates,* 8 *Paige,* 325.)

Whether she is entitled to both, or is put to her election between the provision in the will and dower, is a question of intention on the part of the testator.

The intention to give both is presumed, unless the other provisions of the will are such as to manifest an intention to put her to her election. (*Lewis* v. *Smith,* 5 *Seld.* 502.) It has been held not to be enough that other provisions of the will will be interfered with, but it must clearly appear that the testator would not have distributed his property in the manner in which it is distributed by the will, had he contemplated that the widow could have claimed or been entitled to her dower in addition to the provision in the will.

When a testator makes a provision in his will for his widow, without declaring it to be in lieu of dower, and devises the residue of his property amongst other persons, it would seem to be an indication that he intended the division thus made should not be disturbed by his wife's claiming dower out of the property thus distributed. But such a devise of the residue of the estate, after making provision for the wife, has not been held such conclusive evidence of an intention to put the widow to her election as to induce the courts to compel her to elect. Some more decisive evidence of intention has been required.

It seems to me that when it clearly appears by the will that the testator has distributed the residue of his property, after making provision for his widow, amongst his children or other persons in such proportions as he considers them entitled to, and that to allow the widow to take both the provision of the will and her dower out of the estate, would defeat or materially lessen the allotments to all or any of the devisees or legatees, that the intention of the testator not to give her both the provision and dower out of his estate is

plainly manifested, and the court should require the widow to elect.

The rule that has heretofore prevailed, has in very many cases operated oppressively and unjustly on heirs and legatees, and most frequently in cases when either the dower or the provision of the will was amply sufficient for the wife, while giving her both was ruinous to others entitled under the will.

In this case, it seems to me that the provisions of the will in behalf of the children demonstrate that it was not the intention of the testator to give the widow both dower and the provision. If she is entitled to the annuity she takes it without diminution; if she takes dower she is entitled to one third part of each house and lot on which that annuity is charged. The remaining two thirds then must have charged upon them the whole of the share of each lot in payment of the annuity. If one third of the annuity was extinguished with the assignment of the dower in the Eleventh street property, there would be less ground of complaint. But no such result is attainable. The whole annuity must be paid, and two thirds of the property charged with it must pay it.

Again: lot 95 West Eleventh street is by the will given to a trustee, in trust to receive the rents and profits to be paid over, under certain restrictions and limitations, to Josiah during his life. It was intended as a provision for the support of himself and family, if he should have one, and if the widow takes dower, one third of the means of support thus provided is taken away. Was such the intention of the testator? It seems to me not.

The trust created or intended to be created by the will, for the benefit of Josiah, would be entirely inconsistent with the right of the widow to dower. But it is said that the trust is invalid and is therefore to be considered as if no such provision was contained in the will. I do not agree to the conclusion. The controlling consideration in the construction of the will is the intention of the testator. And if the creation of the trust manifests an intention inconsistent with the right

of the wife to the provision and dower, it cannot change the intention if the trust is subsequently declared illegal and void. The testator deemed it valid when he made it. It was one of the means which he adopted to give effect to his intention, and whether legal or illegal, the intention manifested by the provision should have effect.

Without occupying more time in discussing the question, I must declare my conclusion to be, that under the provisions of this will the widow must be put to her election between the provision of the will and her dower. She cannot have both.

Judgment accordingly.

[New York General Term, May 7, 1860. *Sutherland, Mullin* and *Leonard,* Justices.]