MARTHA  A.  VERNON,  Appellant,  *v.*  THOMAS  VERNON,
   Respondent, and others, Appellants and Respondents.

(GENERAL TERM, SECOND DEPARTMENT, 1872.)

A testator gave all his real and personal estate to his " trustees and execu-
   tors" named in his will, on condition that they should dispose of it as
   thereinafter directed, then made a devise of real estate to his wife, sub-
   ject in part to a power of sale in his executors, and gave her an annuity
   for maintenance of herself and children, payable by his executors out of

Vernon *v.* Vernon.

the rents of specified real estate, or, on deficiency of such rents, from the interest of other designated property. The remaining dispositions of the will were in the form of pecuniary legacies, and the residue was not disposed of. *Held*, that the executors took only a power in trust in the real estate, and the lands to which it related descended to those otherwise entitled, subject to the execution of the trust as a power.

*Held*, also, that the trust was valid as to the personal estate.

And that the residuum, after fulfillment of the specific directions of the will, resulted to the heirs or next of kin in its original character.

*Held*, also, no intention to put the widow to her election appearing from the expressions of the will, that her right of dower, and distributive share in the personal estate were not repugnant to the will, and that she was entitled thereto in addition to other provisions for her benefit.

Also, that the intent to pass a life estate to the widow in lands devised to her was manifest from directions to the executors to invest the proceeds of a sale thereof, which they were impowered to make for her benefit, during life.

The will also provided that the balance of capital due the testator in a firm of which he was member might remain with the surviving partners for a certain time at interest. *Held*, that the executors were barred during that time from recovering the same, and that security could not be required by the court in a suit to which one of the surviving partners was not party. .                                                              *

THIS was an appeal by the plaintiff and certain defendants from a judgment entered on the report of a referee.

The action was brought for construction of the will of Samuel Vernon, deceased, and determination of plaintiff's claim to dower, and a distributive share in the final distribution of the testator's personal estate. The complaint also with other relief asked judgment directing the surviving partners in certain business of the testator to give adequate security for repayment of the testator's part of the capital of the firm, with interest thereon at stated periods. The will was as follows, viz.:

I give all my estate, real and personal property; to my trustees and executors hereinafter named, and their heirs, on condition, nevertheless, that they will dispose of it as hereafter instructed, by the payment of the various sums mentioned and general disposition of property as directed.

I give and bequeath to my beloved wife the house in which I reside, together with the eight lots adjoining. . This pro-

perty might be sold by my executors, in connection with the adjoining house and lots belonging to my brother Thomas, for not less than $75,000, and my executors have full power so to do, and invest the proceeds in good securities of not less than six per cent per annum, for her benefit during her natural life.

I also give to my wife my interest in the stable-lot on Vanderbilt avenue, Brooklyn, opposite the rear of my garden.

I also give to my wife $7,000 per annum for her life, to be paid semi-annually by my executors out of my share of rents of 65 and 67 Duane street store, and 23 Beekman street, New York, or, should that be insufficient, from the interest of other property hereinafter mentioned, for the education and maintenance of self and children. My executors have full power to dispose of either of these stores, if necessary, for sums not less than hereinafter mentioned.

The store in 23 Beekman street is jointly and equally owned by my brother Thomas and myself, and is worth $75,000; John Barry, of Beekman street, offered that amount for it; my brother Thomas is at liberty to take it for that sum or pay it over to my executors for that amount, less the mortgage of $20,000.

The store in Duane street cost, with elevators, fixings, &c., $275,000, and is jointly and equally owned by my brother Thomas and myself. My executors are hereby empowered to sell the property for not less than that, or to receive it in payment for that sum, in an equitable division of the capital employed in the business, as well as real estate above mentioned.

The balance due me, employed in the business of Vernon Brothers & Co., July 1st, 1868, was    *    *    *    *    *    *

Out of the property above described I make the following bequests:

I give $4,000 to my nephew, George Vernon, to be paid at the end of three years after my decease. In the event of his death before the expiration of that period, the amount must be disposed of in the manner cited for my residuary estate.

I give to my nephew, Charles Vernon, $1,000.

I give to my niece, Elizabeth Vernon, $1,000, to be paid to each in three years after my decease. In the event of the death of either or both of them before that period has expired, the amount to be disposed of in the manner cited for my residuary estate.

I give to my nephews, Richard Vernon, Miles Vernon, Benjamin Vernon, Thomas Vernon, and Samuel Vernon, $200 each, to be placed at interest one year after my decease, on good security of not less than six per cent per annum, and the interest reinvested for the benefit of the legatees, and paid to each respectively, principal and interest, on their separate attainment of twenty-one years of age. In the event of death of either, the amount to be disposed of as provided in the other cases mentioned.

I give to my brother, Miles Vernon, or his heirs, all my reversionary interest in Scotland House, Barnstable, England.

I give to my sister-in-law, Harriet Vernon, widow of my late brother, Charles Wills Vernon, thirty pounds sterling per annum during her natural life, twenty pounds of which is already secured to her as a condition of the bequest of one-third interest in Scotland House aforementioned, bequeathed to me by my late brother, Charles Wills Vernon, on the death of his wife.

The balance of my capital, due me at my decease by Vernon Brothers & Co., can remain in the hands of my surviving partners for five years, at interest at seven per cent, at the expiration of which period I desire it to be invested in good securities, bearing interest of not less than six per cent, for the benefit of my dear children, and to be distributed among them as follows:

I give to Samuel Edward Vernon, my eldest son, on his attainment of twenty-four years old, $10,000. Frederick Richardson Vernon, on his attainment of twenty-four years of age, $10,000.

Elizabeth Wills Vernon, $10,000 on her twenty-fourth birthday; should she marry with the approval of her mother and my executors, the amount may be paid at her marriage.

I give to Marion Adelaide Vernon $10,000, to be paid in the same way as prescribed for her sister, Elizabeth.

I give to my son, Francis Joseph Vernon, $10,000, on his attainment of his twenty-four years of age.

I give to my daughter, Frances Mary Vernon, $10,000 ; and to Harriet Eveline Vernon $10,000, to be paid each of them as directed for their sisters.

I give $2,500 to the building fund of the Baptist Home Missionary Society, to be paid in five equal annual install-ments, the first installment to be paid one year after my decease.

I give $1,000 to the Baptist Home Missionary Society.

I give $1,000 to the Missionary Union.

I give $500 to the Long Island Baptist Association ; such amounts to be paid in five equal annual installments, com-mencing one year after my decease.

I give to my brother, Thomas Vernon, the picture of our great-grandfather, and the pictorial Bible formerly belonging to our late niece, Elizabeth Vernon.

This I declare to be my last will and testament, and name as my executors and trustees, my brother, Thomas Vernon, and my brother-in-law, Edward Richardson, M. D., of Brook-lyn, this 1st day of September, 1868.

SAMUEL VERNON.

Witnesses, &c.

The referee made the following findings of fact and law, viz. :

" That Samuel Vernon, the testator mentioned in the com-plaint, resided, prior to his death, at 201 Lafayette avenue, in the city of Brooklyn, and that he died at his said residence on the 23d day of September, 1870. That prior to his death he duly made, published and declared his last will and testa-ment, a copy of which is contained in the complaint.

" That said will was duly admitted to probate by the surro-gate of said Kings county, on the 12th day of October, 1870, and letters testamentary issued to Thomas Vernon and Edward T. Richardson, as executors.

"That said testator left him surviving his widow, who is the plaintiff in this action, and six infant children, whose names and ages are as stated in the complaint.

"That Harriet Eveline Vernon, mentioned in the said will, died before the death of the testator, aged about two years.

"That said testator died seised and possessed of both real and personal property.

That his real estate was as follows:

"1st. The house in which he resided, known as No. 201 Lafayette avenue, Brooklyn, with about eight lots of land, being 100 feet by 198 feet in size.

"2d. A lot land in Vanderbilt avenue, Brooklyn, opposite the rear of the first mentioned premises.

"3d. An undivided one-half of the store, known as No. 23 Beekman street, in the city of New York, of which the other half is owned by Thomas Vernon, the brother and one of the executors of the testator, and one of the defendants herein.

"4th. An undivided one-half of the store, known as Nos. 65 and 67 Duane street, in said city of New York, running through to Pearl street, and also fronting on Elm street, the other half of which is also owned by the said Thomas Vernon.

"That the above was all the real estate standing in the name of the testator at the time of his death.

"That at the time of the testator's death, the firm of Vernon Brothers & Co., of New York city, of which the testator was a member, owned a certain paper-mill property at Northampton, Massachusetts, which is included in the statement of testator's interest in the capital of said firm, hereinafter mentioned.

"That the testator had, at his death, a reversionary interest in the property known as "Scotland House," at Barnstable, England, mentioned in said will.

"That there was, at testator's death, a mortgage of $20,000, executed by the testator, upon the house and eight lots above mentioned in Lafayette avenue, Brooklyn; also a mortgage, executed by the testator and said Thomas Vernon, jointly, of $20,000 upon the said store property No. 23 Beekman street;

also a mortgage, executed by the testator and said Thomas Vernon, jointly, of $75,000 upon the said store property Nos. 65 and 67 Duane street, and that said mortgages are still outstanding and are liens upon the said premises respectively.

" That there is no encumbrance upon the said stable-lot in Vanderbilt avenue, and that the same is worth from $3,000 to $4,000.

" That the testator's interest in the capital of the firm of Vernon Brothers & Co. was from $175,000 to $190,000, including the mill property at Northampton, Massachusetts. Said Northampton property is worth from $75,000 to $100,000.

" That the testator possessed at his death, besides his interest in the capital of his firm, personal property not exceeding in value the sum of $4,000.

"·That the testator's personal property, except the said $4,000, was all in the firm business and invested or employed therein.

" That the testator was indebted, at his death, apart from partnership and mortgage debts, to about $8,000.

" That the net annual rents of said two stores amount to about $13,180, subject to fluctuations, and of which one-half belongs to said Thomas Vernon.

" That the store in Duane street is worth about $275,000, and the store in Beekman street about $75,000.

" That Harriet Wills Vernon, mentioned in the will, is from fifty to sixty years of age.

" That the surviving partners of the testator are said Thomas Vernon and David Scott.

" That the survivors of Vernon Brothers & Co., the firm of which testator was a member, continue the same business, viz., the manufacture and sale of paper, and are running the said paper-mill at Northampton."

I find the following conclusions of law :

" *First.* That the executors named in the will took an estate, as trustees under the first clause in the will, in the testator's property, real and personal.

" *Second.* That the widow (plaintiff) takes the house in

Vernon *v.* Vernon.

Lafayette avenue, Brooklyn, and the eight lots adjoining, mentioned in the will, in fee, subject to the mortgage for $20,000 above mentioned, and subject to a contingent power of sale in the executors.

"*Third.* That she takes the lot in Vanderbilt avenue, Brooklyn (called the stable-lot), in fee.

"*Fourth.* That she takes the annuity of $7,000.

"*Fifth.* That the above mentioned provisions for the widow (plaintiff), in the will, are in lieu of dower and thirds.

"*Sixth.* That the testator, in authorizing the executors to lend his interest in the firm to the survivors thereof, intended that such loan should be without security.

"*Seventh.* That the testator did not die intestate as to any part of his personal property, all of which, subject to the provisions of the will, is bequeathed to his children.

"*Eighth.* That there was not an equitable conversion of the realty into personalty, or of personalty into realty, as to the two store properties in Duane and Beekman streets, under the provisions of the will relative to the disposition of those properties.

"*Ninth.* That Thomas Vernon should make the election granted to him in the will, as to said two store properties, within six months after the entry of judgment in this action, after which period his right to so elect should cease.

"*Tenth.* That the plaintiff should have a decree and judgment in this action in accordance with the above conclusions of law, and that the costs of the several parties to this action be paid out of the fund."

Exceptions to the referee's findings were taken in due form, the character of which sufficiently appears from the opinion of the court.

*W. P. Richardson* and *Geo. P. Reynolds,* for the appellant. The executors take no estate under the will in the real estate. (1 Ed. Stats., 678, §§ 55, 56; *Fowler* v. *Depau,* 26 Barb., 224; *Depeyster* v. *Clendenning,* 8 Paige, 295; *Smith* v. *Post,* 2 Edw. Ch., 523; *Waldron* v. *McComb,* 1 Hill, 111; *Germond*

v. Jones, 2 id., 573; Scott v. Monell, 5 N. Y. Sur., 431; Jarman on Wills, 465; Tucker v. Tucker, 1 Seld., 408; Manice v. Manice, 4 Hand, 303, 364.) The provisions for plaintiff are not in lieu of dower. (2 Edm. Stats., 510; 1 id., 691, §§ 16, 1, 13; Adsit v. Adsit, 2 John. Ch., 448; Lewis v. Smith, 5 Seld., 502; Smith v. Kniskern, 4 John. Ch., 9; Jackson v. Churchill, 7 Cow., 287; Wood v. Wood, 5 Paige, 596; Havens v. Havens, 1 Sandf. Ch., 324; Mills v. Mills, 28 Barb., 454; Fuller v. Yates, 8 Paige, 325; Irving v. De Kay, 9 id., 521; Lewis v. Smith, 11 Barb., 152; 5 Seld., 502; Learned v. Steele, 4 id., 20; Lasher v. Lasher, 13 id., 106; Dodge v. Dodge, 31 id., 106; Tobias v. Ketchum, 36 id., 304; Sanford v. Jackson, 10 Paige, 266; Church v. Bull, 2 Denio, 430.) Her dower and third are not repugnant to the provisions of the will. Both can stand together.

| | | |
|---|---:|---:|
| Store in Beekman street, worth....... | $75,000 | |
| Store in Duane street, worth ......... | 275,000 | |
| | $350,000 | |
| Less mortgages ..................... | 95,000 | |
| | $255,000 | |
| One-half is............................ | | $127,500 |
| Income, at six per cent, is........... | $7,650 | |
| Deduct one-third for dower........... | 2,550 | |
| Income to the estate........................ | | 5,100 |
| Personal property: | | |
| Cash capital .............................. | | $190,000 |
| Less legacies ....................... | $12,000 | |
| Less legacies (children) ............... | 60,000 | |
| | | 72,000 |
| | | $118,000 |
| Thirds off ............................. | | 39,333 |
| | | $78,660 |

Vernon *v.* Vernon.

Income, at six per cent on $78,660................$4,719 96
Add income on real estate.................... 5,100 00

$9,820 00
Deduct allowance......................... 7,000 00

Surplus ...............................$2,820 00

The balance of testator's capital, if retained by the testator's surviving partner, should be secured. (*Lefevre* v. *Laraway*, 22 Barb., 167; 2 Story Eq. Juris., §§ 1334, 1337.) The testator died intestate as to one-half of the two store properties, and as to the balance of cash capital; after payment of debts and legacies the lands descended, subject to the charge for the allowance of $7,000 and the power of sale. The residuum is liable to distribution, and the plaintiff is entitled to one-third. (Wigram on Inter. of Wills, 9; *Mann* v. *Mann*, 14 John., 1; *Ide* v. *Ide*, 5 Mass., 500; *Norris* v. *Beyea*, 3 Kern., 273; *Jackson* v. *Robins*, 15 John., 169.) The plaintiff took the house and lots devised to her in fee. (1 R. S., 748, § 1; *Fowler* v. *Depau*, 26 Barb., 224; *Helmer* v. *Shoemaker*, 22 Wend., 137.)

*J. W. Howe*, for the guardian *ad litem*, &c. The court should require that the amount due to the testator's estate, by his surviving partners, should be properly secured or be paid over. (*Payne* v. *Matthews*, 6 Paige, 20; *Eagleton et al.* v. *Kingston*, 8 Ves. Ch. R., 467; *Styles* v. *Guy*, 1 Mac. & Gordan Ch. R., 422; 1 Hall & Tevell, 523; *Egbert* v. *Butler*, 21 Beavan, 560; *Candler* v. *Tillett*, 22 id., 257; *Mucklow* v. *Fuller*, Jacobs R., 198; Perry on Trusts, 398, 399, 408, 409, 411, 425; *Booth* v. *Booth*, 1 Beavan, 125; Lewin on Trusts, 250; Hill on Trustees, 380; Willard Eq. Jur., 613; *Wilkes* v. *Steward*, Cooper's Cas. in Ch., 6; *Bullock* v. *Wheatley*, 1 Collyer Ch., 130; *Morrissey* v. *Foley*, 2 Molloy, 346; *Evans* v. *Flight*, 2 Jurist, 818; *Gardner* v. *Gardner*, 1 id., 402; *Holmes* v. *Druig*, 2 Cox Cases, 1; *Smith* v. *Smith*, 4 John. Ch., 281; *Cummins* v. *Cummins*, 3 Jones &

Latouche, 64 ; *Powell* v. *Evans*, 5 Ves., 839 ; *Depuyster* v
*Clarkson*, 2 Wend., 871 ; *Hamphill's appeal*, 18 Penn. St.,
303 ; *Pray's appeal*, 34 id., 100 ; *Kimball* v. *Reading*, 11
Foster [N. H.], 352 ; *Gray* v. *Fox*, Saxton Ch., 259 ; *Pocock*
v. *Redington*, 5 Ves., 797 ; *King* v. *Talbot*, 40 N. Y., 76 ;
*Townsend* v. *Townsend*, 1 Gifford, 211 ; *Ackerman* v. *Emott*,
4 Barb., 626 ; *Brown* v. *Higgs*, 8 Ves., 574 ; *Att'y-Gen'l* v.
*Downing*, Wilm., 23 ; *Wedderburn* v. *Wedderburn*, 4 Mylne
& Craig, 41.)   No estate in the land vested in the executors
under the will.   (*Manice* v. *Manice*, 43 N. Y., 303 ; *Post* v.
*Hover*, 33 id., 599 ; *Tucker* v. *Tucker*, 5 id., 408 ; *Scott* v.
*Monell*, 5 N. Y. Sur., 431 ; *Downing* v. *Marshall*, 23 N. Y.,
377 ; *De Kay* v. *Irving*, 5 Denio, 653 ; *Smith* v. *Post*, 2
Edw. Ch., 523 ; *Germond* v. *Jones*, 2 Hill, 573 ; *Hawley* v.
*James*, 16 Wend., 148 ; *Lorillard* v. *Coster*, 14 id., 320.)

*S. P. Nash*, for the executors.   Legal estate in the real
and personal property vested in the executors.   The trusts
created by the will could not otherwise be performed.   (*Bradley* v. *Amidon*, 10 Paige, 235 ; *Brewster* v. *Striker*, 2 Comst.,
19 ; *Tobias* v. *Ketchum*, 319.)   The devise of dwelling and
lots to widow is of a life estate.   (3 R. S. [5th ed.], 38, §§ 1
and 2 ; 4 Kent Com., 535, 538.)   The claim of dower and
thirds is not consistent with the will, and, if allowed, will
defeat the purpose of the testator.   (4 Kent Com. [2d ed.],
58 ; *Adsit* v. *Adsit*, 2 John. Ch., 448, 451 ; *Sanford* v. *Jackson*, 10 Paige, 266 ; *Bull* v. *Church*, 5 Hill, 206 ; *Savage* v.
*Burnham*, 17 N. Y., 561 ; *Tobias* v. *Ketchum*, 32 id., 319.)

By the Court—GILBERT, J.   By the first sentence of the
will the testator gave all his estate, real and personal, to his
trustees and executors therein named, and their heirs, on condition that they should dispose of it as thereinafter directed
by the will.   Next he made a formal devise to his wife of a
portion of his real estate, subject as to one parcel to a power
of sale with which he invested his executors.   He then gives
his wife an annuity for the maintenance and education of
herself and her children, payable by his executors out of the

Vernon *v.* Vernon.

rents of certain specified real estate, or, if they should be insufficient, from the interest of other property thereinafter mentioned. The other dispositions of the will are in the form of pecuniary bequests to his children and other relatives. The will contains no directions with respect to the residue of the testator's property after the specific directions shall have been fulfilled.

The language of the gift to the executors, contained in the first clause, is sufficient to raise a trust in them (Perry on Trusts, § 112, *et seq.*), but under the provisions of the Revised Statutes, relative to uses and trusts, such trust is not valid as a trust of the real estate. But the trust is valid as a power in trust by virtue of the fifty-sixth and fifty-eighth sections of the statute aforesaid, and under the fifty-ninth section of the same statute the lands to which the trust relates descend to the persons otherwise entitled, subject to the execution of the trust as a power.

It was suggested on the argument that the legal estate in the testator's property was vested in the executors and trustees named in the will, because the trusts in the will could not otherwise be performed. We are of opinion that all the objects mentioned in the will can be accomplished under a power. The general object of this power is the disposition of the estate to or for the benefit of the beneficiaries named in the will, according to the directions therein contained. It includes a power of sale, and a power to purchase the share of a portion of the real estate, which belonged to his brother and himself as tenants in common, at a specified price. It is not necessary to enumerate each particular object embraced within the power. It is sufficient to say, that there is no apparent necessity for holding that the executors must be vested with the legal estate, in order to carry out the objects of the will. In such a case the legal estate does not vest in them by implication. (*Tucker* v. *Tucker*, 1 Seld., 408; *Manice* v. *Manice*, 43 N. Y., 304.)

The trust as to the personal property is valid, and such property remains vested in the executors charged with the

trust declared in the will. Practically, therefore, the bene-
ficiaries are quite as well protected as they would have been
under a will more formally written. The real estate is vested
in them according to their respective interests, subject only
to a power, which can be exercised only for their benefit, and
the personal property is vested in the trustees upon a trust
which gives them all the beneficial interest.

With respect to the residuum which may remain after the
trustees shall have fulfilled the specific directions contained
in the will, it will result to the heirs or next of kin, as the
case may be, in its original character (Perry on Trusts,
§ 152; *Roper* v. *Radcliffe*, 9 Mod., 171); for there is nothing
in the will indicating an intention to benefit the trustees, and
a declaration of trust as to part is considered sufficient evi-
dence that the testator did not intend the trustees to take any
beneficial interest, and that the creation of the trust was the
sole object of the transaction.

We think the referee erred in deciding that the provisions
of the will in favor of the widow were in lieu of her dower
in the lands of the testator, and of her distributive share in
his personal estate after the payment of debts and legacies.
The will contains no expression to that effect, nor is her
claim of dower and thirds inconsistent with the provisions
for her benefit. The widow is entitled to retain her dower
and all other benefits given her by the will, unless the reten-
tion of her dower operates to defeat some other disposition
in the will. (*Adsit* v. *Adsit*, 2 J. C. R., 448; *Sanford* v.
*Jackson*, 10 Paige, 266; *Lewis* v. *Smith*, 5 Seld., 502.) The
provisions of the will must be such as to clearly indicate the
intention of the testator, that the widow shall be put to her
election. The presumption is, that the testator intended
that she should have his gifts under the will in addition to
her dower, unless the contrary is manifest from the will.
(*Dodge* v. *Dodge*, 31 Barb., 413.) We are unable to discover
anything indicating an intention of the testator that the
widow should be put to her election. On the contrary, it has
been satisfactorily shown by the plaintiff's counsel, in a table

Vernon *v.* Vernon.

presented by him, that allowing the widow her dower and thirds is not repugnant to or inconsistent with any other provision contained in the will.

The devise, to the widow, of the house in which the testator resided, and the eight lots adjoining, should be construed as a gift of a life estate only; for although words of inheritance are no longer requisite to create an estate in fee, yet the statute which changed the rule of the common law on this subject is, by its terms, rendered inoperative where the intent to pass a less estate or interest shall appear by express terms or be necessarily implied in the terms of the devise (1 R. S., 748, § 1); and we think such intent is abundantly manifested by the provision which directs the executors to invest the proceeds of the sale, that the will empowers them to make, for the benefit of the widow during her life.

We are unable to discover any authority for the executors to demand the payment to them of the amount due the estate from the surviving partners, and certainly the court cannot in this suit make any decree requiring such surviving partners to give security for the payment of, or to pay, the debt, for one of them is not a party to the suit. The will in effect directs that the surviving partners may withold payment of that debt for five years, paying in the meantime interest at seven per cent. This is an effectual bar to a suit for the collection of the demand, and of course affords protection to the executors against any liability for not collecting it.

The judgment below must be modified in accordance with this opinion. The several parties to this appeal are entitled to their costs, to be paid by the executors out of the fund in their hands.

Judgment accordingly.