Alling *v.* Chatfield.

JOHN W. ALLING, EXECUTOR, *vs.* FANNIE J. CHATFIELD AND
OTHERS.

A widow is not put to her election between dower and a testamentary provision
in her favor, unless it clearly appears from the will that the testamentary pro-
vision was intended to be in lieu of dower.

This intention need not be stated in terms, but may be shown by clear implica-
tion.

Such implication held to be a clear one in a case where certain important provi-
sions of a will in favor of the children of the testator would be liable to be
defeated by the allowance of dower to the widow.

PETITION, by the executor of the will of Eugene A. Chat-
field, for advice as to the construction of the will with respect
to the widow's right of dower; brought to the Superior Court
in New-Haven County. The allegations of the petition were
found true and the case reserved for advice. The case is fully
stated in the opinion.

*Alling*, for the petitioner, and for the respondents other than
the widow.

*Fowler*, for the widow of the testator.

PARDEE, J. A widow is not put to her election between
dower and a testamentary disposition in her favor unless it
clearly appears from the will that the provision made for her
was intended as a substitute for that to which she is entitled
by law; but this intention is not necessarily declared in ex-
press words; it may be demonstrated by clear and manifest
implication; and this implication must arise from some pro-
vision in the will inconsistent with the assertion of the claim
to dower. *Lord* v. *Lord*, 23 Conn., 327; *Savage* v. *Burnham*,
17 N. York, 577; *Dodge* v. *Dodge*, 31 Barb., 413.

The testator executed the will before us about four months
prior to his death. Nothing in the record suggests any
important change in the condition of his estate during that
period. Presumably, he understood with substantial accuracy

the value of it.  He named four persons as the objects of his bounty; his mother, brother, wife, and a posthumous child; and to these in one form or another he gave his whole estate.

After providing for the payment of debts and expenses, he gives five thousand dollars each to his mother and brother, and to his wife the proceeds of a policy of insurance upon his life from which she has realized the sum of fifty-one hundred and seventeen dollars.  He then says:

"I give, devise and bequeath all the residue of my estate, whether real or personal, to my executors, hereinafter named, in fee simple, but upon the following express trust, to wit, that said executors shall hold said balance of my estate for the benefit of any child or children which may be born to my said wife and myself, either before or after my decease, and of which we shall be the parents, and also in case of such child or children, for the benefit of my said wife as hereinafter provided.

"Said executors shall apply so much of the income or principal of said balance of my estate as shall be necessary, reasonable and proper, for the suitable support, nurture and education of said child or children during their minority, and shall also apply so much of the income or principal of the said balance of my estate as shall be necessary for the comfortable and suitable support and maintenance of my said wife during the minority of said child or children; but whatever income is derived by my said wife from the legacy hereinbefore given her must first be used by her for her support and maintenance, before she shall be entitled to the benefit of this article of my will.

"When said child or either of said children arrives at the age of twenty-one years, then one-half of the share of said estate that shall belong to said child as hereinafter stated, shall be delivered to such child as an absolute estate in fee simple, and the remaining half of said share shall be delivered to such child as an absolute estate in fee simple when said child shall be of the age of twenty-five years.

"My will is that if there be only one child, the whole of said balance of my estate shall be held for said child, subject

to the rights and interests of my wife therein, as above pro-
vided, and delivered to said child as an absolute estate in fee
simple, one-half at the age of twenty-one years, and the other
half at the age of twenty-five years; and if there be more
than·one child, then said children shall share equally in the
said balance of my estate, subject to the said rights and inter-
ests therein of my wife."

The testator herein most distinctly manifests his intention
to establish a fund which should accomplish two purposes:
first, that it should meet all demands which his wife and child
might make upon either the income or principal thereof during
the period of twenty-one years; second, that one-half of what
then remained unexpended should furnish a valuable gift in
fee simple to the child, and that at the end of twenty-five
years the remainder should furnish another like gift to the
same child. This fund at its inception amounted to nine thou-
sand, two hundred and fifty dollars. Time has shown that the
income therefrom will not suitably support the widow and
child, and they have already consumed a portion of the prin-
cipal. From it the dower now demanded by the widow would
transfer to her the sum of forty-one hundred dollars, valuing
one-third of the real estate at five thousand six hundred and
sixty-six dollars, assuming that she is twenty-two years of
age, and making the calculation upon the basis of six per
cent. The income of this sum she is not bound to expend;
she can permit it to accumulate; and after spending the
income of her legacy of fifty-one hundred and seventeen dol-
lars, the balance of her needs must be supplied by the trustee
from the income and the principal of the remnant of the fund;
and, inasmuch as the income from ninety-two hundred and
fifty dollars will not protect the principal of that fund from
encroachment, the inroads upon the lesser sum must be greater
and rapidly still greater. The result is inevitable, that long
before twenty-one years have elapsed, the whole fund will have
been transferred to the widow and the child left destitute. If
we permit this to be done we shall obliterate one of the most
marked features of the instrument which we are asked to
construe and thwart the plain intention of the testator.

Again, laying out of view, for the moment, the right of the widow to a comfortable and suitable support and maintenance from this fund, both the income and principal thereof are, by express direction, made subject to the draft of the child upon it for support, nurture and education during twenty-one years, with no limitation other than the discretion of the executors as to what is necessary, reasonable and proper. Herein, notwithstanding the plain intent and expectation of the testator to the contrary, is a possibility which he recognizes and which under extraordinary circumstances may include within its reach the entire fund. Dower is the right of the widow exclusively; no one shares with her in, or intermeddles with it; the right of a child to expend the whole of a particular fund and the right of a widow to have dower from the same fund cannot co-exist; therefore, the testator in saying that no part of this fund shall be withdrawn from the right of the child to consume it for the relief of her necessities, has left, so far as his intent is concerned, no place for the legal, exclusive right of dower to rest upon.

We think that the intention of the testator that the legacy to his widow should be in lieu of, and not in addition to dower, s demonstrated by clear and manifest implication within the requirements of the rule of law upon that subject. We therefore advise the Superior Court that she should be put to her election and cannot take both.

In this opinion the other judges concurred; except PHELPS, J., who did not sit.