GERTRUDE A. STILSON *vs.* GEORGIANA STILSON.

The statute with regard to dower (Gen. Statutes, tit. 18, ch. 11, art. 4, sec. 1,) provides that in case of divorce, where the wife is the innocent party, and no part of the estate of her husband was assigned to her for her support, she shall have dower. A wife had brought a petition for divorce and alimony against her husband, which he resisted, and while it was pending it was agreed between them that she should take no alimony and that he should make no opposition to the divorce. Under this agreement no alimony was asked by

the wife, and no opposition made by the husband, and the divorce was granted by the court. Held not to bar her claim for dower in his estate.

It was a part of the agreement that the husband should make a provision for their daughter, then nine years of age, by giving his note for $3,000, payable when she became eighteen years of age, with semi-annual interest; which note was given, and placed in the hands of a third person to hold until after the decree was passed, to be then given to a relative of the child to hold for her benefit. Held that this provision for the daughter could not be regarded as equivalent to or a substitute for alimony to the wife, and that it did not affect her right to dower.

Whether an agreement between a husband and wife in respect to alimony, made for the purpose of facilitating a divorce, would not be void: *Quære.* The court inclines to the opinion that it would.

BILL IN EQUITY to enjoin the respondent against prosecuting a claim for dower; brought to the Superior Court in Fairfield County. The following facts were found by the court:—

The respondent was married to Anan Stilson, the deceased, on the 1st of November, 1855, and the following year Florence Stilson was born, the issue of the marriage. In August, 1865, in the Superior Court for Fairfield County, the respondent was divorced from the said Anan on her petition on the ground of desertion, without any alimony being claimed or allowed. The petition stated other grounds of divorce and contained a prayer for alimony, but while the petition was pending and before any hearing thereof by the court, the parties entered into a negotiation with regard to the matter. In this negotiation Mrs. Stilson proceeded upon the ground that, although she had applied for alimony in her petition, still she was seeking therein for a divorce, and for that only, and stated that she did not want and would not take any of his property, but thought that he ought to make some provision for Florence, their daughter. Mr. Stilson took the ground that the divorce should be granted, if at all, for no cause casting reproach on his moral character, and that no part of his property should be granted to Mrs. Stilson by way of alimony; and stated that, unless these points were conceded, he would make what resistance he could to her petition. These negotiations resulted in an agreement, made before the hearing of the petition, that Mr. Stilson should make no opposition to a divorce for desertion, that he should give his

note for the benefit of Florence, the daughter, for the sum of $3,000, payable when she should become eighteen years of age, with interest semi-annually, the note to be held by Cortes Merchant, the father of Mrs. Stilson, and that Mrs. Stilson was not to ask for nor receive alimony. The note was executed by Mr. Stilson and placed in the hands of an indifferent person to await the action of the court on the petition, and as soon as the divorce should be granted it was to be delivered to Mr. Merchant for the benefit of said Florence; all of which was carried into effect.

After the divorce Mr. Stilson married another woman, and Gertrude, the present petitioner, was born, the issue of the second marriage.

Mr. Stilson died intestate, March 15th, 1874, and during the settlement of his estate the present respondent applied to the court of probate and obtained a decree setting out her dower, from which decree an appeal was taken to the Superior Court, and pending the appeal the present petition was brought, praying for an injunction against the further prosecution of her claim for dower by the respondent.

Upon these facts the case was reserved for the advice of this court.

*A. S. Treat* and *W. K. Seeley*, for the petitioner.

1. A husband and wife may enter into contracts with each other, which will be recognized as good and enforced in equity. Bishop's Law of Married Women, §§ 166, 714, 719, 724.

2. If Mrs. Stilson had taken alimony, though only to the extent of a dollar, she would not have been entitled to dower, by the express provisions of the statute. Gen. Statutes, p. 421, sec. 82. She contracted with Mr. Stilson, that if he would give $3,000 to her daughter she would not ask for or receive alimony, and would not take any of his property. He performed his portion of the agreement; she ought to be bound by hers.

3. She did not receive, for the benefit of her daughter, and to herself indirectly, the consideration of the agreement made

before her divorce, until after the divorce had been granted, and she was as fully competent at law to contract as Mr. Stilson. Having received the consideration of the agreement after she became capable of entering into such an agreement, she should be bound, by every principle of law and common sense, by the terms of that agreement, and as much estopped to deny it as though she was fully capable to contract when it was made. The principle of this case is analogous to the one laid down in *Lee* v. *Muggeridge*, 5 Taunt., 36, and approved by our court in *Cook* v. *Bradley*, 7 Conn., 65. She had full power to waive her provision, both as to alimony and dower. *Phyfe* v. *Eimer*, 45 N. York, 104, and authorities there cited.

4. The provision for alimony is for the benefit of the wife. She, in absence of her agreement, in consideration of the $3,000 paid for the daughter, to waive an allowance, was entitled to alimony. She having waived her right to alimony, in consideration of the payment of this large sum of money to her daughter, is estopped from claiming dower as much as though she had been allowed and taken alimony. Herman's Law of Estoppel, § 218; *Brown* v. *Coon*, 36 Ill., 248.

5. The understanding which was arrived at by Mrs. and Mr. Stilson, and which, after the granting of the divorce, was perfected by the parties, was wholly unexceptionable. "She claimed to be entitled to a divorce, and wanted one. She did not want, and would not take, any of his property, but thought that Mr. Stilson should make some provision for their daughter." He claimed that if she "was entitled to a divorce at all, it must be on some ground which did not cast reproach upon his moral character," and "that his wife should have no alimony." "Except these points were conceded, he would make such resistance as he could to her petition." Through the advice of sensible men, their counsel, these details, so important to the interest of the husband, wife and daughter, are settled in the manner stated in the finding. The wife makes no claim for alimony and declares she will not take any of his property. She is entitled to her divorce on the ground of desertion, and offers her evidence,

which is found satisfactory to the court. As little reproach as is possible is cast upon the moral character of the husband and father of her child. The father, as he ought, in the absence of alimony to the mother, made a reasonable provision for the child. These results appear to have met the full sanction of the court, as it appears upon the finding that "such decree, pursuant to said agreement, was granted," and they cannot fail to commend themselves to the judgment of all reasonable men. *McCarthy* v. *McCarthy*, 36 Conn., 177; *Welch's Appeal from Probate*, 43 id., 342.

*H. S. Sanford* and *E. W. Seymour*, contra.

LOOMIS, J. The question arising in this case on the facts found, is, whether the respondent, Georgiana Stilson, is entitled to dower in the estate of Anan Stilson, from whom she was divorced in 1865, and who died in 1874.

In order to determine whether dower is due or not courts of equity will always follow the rules of courts of law. *Maybury* v. *Brien*, 15 Peters, 21.

The statute relative to dower which was in force at the time of the death of Mr. Stilson, provided that "every married woman, living with her husband at the time of his death, or absent from him by his consent, or by his default, or by inevitable accident, or, in case of divorce, where she is the innocent party, and no part of the estate of her husband was assigned to her for her support, shall have right of dower in one-third part of the real estate of which her husband died possessed in his own right, to be to her during her natural life, unless a suitable provision for her support was made before the marriage by way of jointure." Gen. Statutes of 1866, p. 421, sec. 82.

Under this statute it is obvious that the right of a woman divorced without alimony, where she is the innocent party, to dower, is precisely the same as that of a woman living with her husband at the time of his death.

The finding brings the respondent within the literal terms of the statute conferring the right of dower, and does not

bring her within any of the provisions by which dower is expressly barred. If the respondent is to be deprived of her dower it must be by force of the agreement alone. But the agreement can have no such effect, for several reasons.

It cannot be reconciled with the well settled rule that during coverture the wife cannot enter into any agreement with her husband, the effect of which shall be absolutely to bar her dower. At most she can only be put to her election after the death of her husband, or after coverture is ended. *Martin* v. *Martin,* 22 Ala., 86; *Parham* v. *Parham,* 6 Hump., 287; 1 Bishop's Law of Married Women, § 433.

The petitioner attempts to avoid the above rule by the fact that the note for the benefit of Florence was not to be delivered to the custodian till after the divorce. But we see no space for repentance or election here, for the gift to Florence must take effect as soon as the coverture was ended, when it would be too late to prevent it. The agreement, *ex vi termini,* excluded any right of election on the part of the respondent.

Again, if we examine the terms of the agreement they will be found insufficient to defeat dower. A widow is not put to her election between dower and a testamentary provision in her favor unless it clearly appears from the will that the testamentary provision was intended to be in lieu of dower. *Alling* v. *Chatfield,* 42 Conn., 276. The same principle ought surely to apply to an agreement during coverture, if indeed it is possible by such agreement to bar dower. There is nothing whatever in this agreement that shows any intent to bar dower.

The argument for the petitioner assumes that the provision for the benefit of Florence was equivalent to or a substitute for alimony. This is not correct. Alimony would have provided for the support of the respondent. This was for the sole benefit of the daughter, and was in no way subject to the control of the respondent. So that the gift to Florence serves no purpose whatever that alimony would.

Neither is it true, as the petitioner further assumes, that an agreement not to ask for nor receive alimony is equivalent to an agreement not to ask for nor receive dower. True it is

that alimony if granted by the court would have barred dower, but an agreement to waive it may have been for the very purpose of saving the right to dower.

The finding does not show that alimony was waived in consideration of anything contained in the agreement, for the respondent proceeded on the basis that she did not want and would not take alimony, which makes it probable that she would have waived it at all events.

But even if it appeared that it was intended by the parties that the provision for Florence was a substitute for alimony which would otherwise have been claimed, we think as such an agreement cannot, to say the least, be favored, the court must see that some substantial pecuniary or property provision was made for the benefit of the wife in order to defeat her right of dower. But here no pecuniary consideration moved to the respondent on her waiving alimony. After indicating her purpose not to take alimony, the respondent appealed to the husband to provide for their daughter Florence. This can neither be considered a benefit to the respondent on the one hand, nor a detriment to the husband on the other. As to the latter it was presumptively doing what he might be compelled in law to do—providing support for his minor daughter.

The only consideration which was a benefit to the respondent moving from her husband was the withdrawal of his opposition to a divorce, and this surely cannot be looked upon with favor by the court. Indeed, if necessary, we should incline to hold with the Supreme Court of Minnesota, that "an agreement between husband and wife, in respect to alimony, made for the purpose of facilitating a divorce, is void." *Adams* v. *Adams*, 24 Minn. (not yet published).

The further claim of the petitioner, that the respondent is estopped from claiming dower, is also untenable. There is nothing but the agreement upon which to predicate this claim, and if as an agreement it cannot be construed to bar dower, it can have no such effect by way of estoppel.

We advise that the petitioner's bill be dismissed.

In this opinion the other judges concurred.