Beach, J.
The plaintiff is possessed of an estate of inheritance in an undivided portion of the premises described in the complaint. This fact makes inapplicable section 1533, Code of Civil Procedure, which relates wholly to an action for partition between joint tenants or tenants in common of an estate in reversion or remainder. The case of Sullivan agt. Sullivan (66 N. Y., 37) was met by the above Code provision, and only held that a reversioner could not maintain partition, because of not having either an actual or constructive possession. I do not think it possible that because the defendant Clarissa Mason has a life estate in one-third of the premises, the owners in fee of the two-thirds are prevented from partitioning the property and realizing their shares. The rights of the tenant for life may easily be protected by provision in the decree.
The testator devised the third of his real property to his widow, the defendant Clarissa Mason, for life, with remainder to his sons. The other two-tliirds he devised to them. There was thus a total disposition of his realty, and any allowance of dower to the widow in addition to the devise would overturn the plain scheme of the will, and is inconsistent with the disposition made of the rest of the estate. In such case the court infers an intention of the testator that the provision for the wife should be in lien of dower ( Vernon agt. Vernon, 53 N. Y., 351; Dodge agt. Dodge, 31 Barb., 413; Bull agt. Church, 5 Hill, 206).
Judgment for plaintiff, with costs.