(Surrogate's Court, Washington County. November, 1901.)

1. ALLOWANCE. TO WIDOW—HOUSEHOLD FURNITURE.

A piano is household furniture, within Code Civ. Proc. § 2713, subd. 4, providing for the setting aside of certain household furniture to the widow.

2. ELECTION BY WIDOW.

A husband devised to his wife for life all his property except his piano, which he specifically bequeathed to his granddaughter. The appraisers failed to make any provisions for the widow, under Code Civ. Proc. § 2713, subd. 5. The will did not state that the provisions for the widow were in lieu of dower, but the widow accepted them, without protest, for many years. *Held*, that she must be deemed to have elected to accept the provisions of the will in lieu of statutory rights, and the granddaughter is entitled to the piano.

In the matter of the estate of John Allen, deceased. Application by specific legatee to vacate a decree, to the end that petitioner may obtain an adjudication that a piano be delivered to her. Decree rendered for petitioner.

Joseph B. McCormick, for petitioner Emma McKinney.

Westfall & Hill, for executors George H. Allen and another.

INGALSBEE, S. This proceeding is brought by a specific legatee under the will of the decedent for the purpose of vacating a decree heretofore entered, and of modifying the inventory of the estate, to the end that the petitioner may obtain an adjudication that a piano, the subject of her specific legacy, be delivered to her. During the pendency of the proceeding a motion to dismiss the petition was made, argued, submitted, and denied. The questions raised on this motion are again presented for consideration in the briefs of counsel now filed, but I see no reason for changing the views expressed in the memorandum heretofore filed herein, and to which I would now refer. In the will of the testator a piano is bequeathed to his granddaughter Emma A. Allen, who is now married, and is the petitioner herein. The piano was inventoried by the appraisers, set apart by them for the widow, is now in her possession, and is claimed by her as her property. The appraisers acted under the provision of the Code contained in subdivision 4 of section 2713, reading as follows: "And other household furniture not exceeding one hundred and fifty dollars in value." I have referred to this inventory in what seems to me still to be fitting language, in the memorandum already mentioned. The total value of the articles set off to the widow under subdivision 4 is only $121.95. Included in this amount are several articles of trifling value, which cannot, however, be claimed to be household furniture. The appraisers ignored the requirements of subdivision 5 of section 2713 entirely, and set apart nothing thereunder for the widow. Moreover, in the general inventory, they have included certain articles of household furniture, which should have been added to the $121.95.

The amount would then, adopting the most liberal construction, have been increased only $20.40, leaving still a deficiency in the $150 of "other household furniture," to which the widow was entitled. To satisfy the provisions of subdivision 4, only household furniture can be set off. If the piano was household furniture, and was not disposed of by some valid provision of testator's will, the appraisers had no alternative but to include it among the articles enumerated, under the subdivision in question.

The first matter to be considered here is as to whether a piano is embraced by the term "household furniture." I do not find that in this state the question has ever been decided. In other states the decisions are conflicting. It has been held, however, that household furniture includes "all those vessels and utensils, not fixtures, which are designed originally and chiefly for use in the family, in conducting and managing household affairs, and in the ornamentation of the house." Rawle's revision of Bouvier, which is of the highest authority as a law dictionary, says that by this expression in wills all personal chattels will pass "that may contribute to the use or convenience of the household or the ornament of the house." From these definitions and the decisions, relating generally to the subject, I am constrained to hold that a piano is household property, under the provisions of subdivision 4, § 2713, Code Civ. Proc.

Finally, we are brought to an examination of the testator's will. In the first clause he gives to his wife, Mandanah Allen, the "use, interest, and income of all my property and estate, both real and personal, except my piano, during the term of her natural life." The second clause reads as follows: "I give, devise, and bequeath to my granddaughter Emma A. Allen, daughter of my son John J. Allen, my piano, and I hereby empower my executors hereinafter named to give said piano to her immediately after my death." The widow has received the use, interest, and income of testator's estate ever since his decease, now many years since, and may be considered as having accepted the provisions of the will in lieu of her legal rights in her husband's estate.

A wife is given a contingent interest in so much of the personal property of her husband as is specified in the statute, dependent only on her surviving her husband, and the property being undisposed of during his lifetime. The husband can no more devest her of this contingent interest by will than of dower in his real estate. It can be done only by some provision in the will, made in her favor, whereby she is directly or by implication put to her election either to accept the testamentary disposition in lieu of her dower, or to reject this disposition, and take the dower. In the will now under examination the widow is not put to her election by express words, and, in their absence, it is well settled that she can be obliged to elect only when there is a clear incompatibility arising on the face of the will between a claim under the statute and a claim to a benefit under the will. The terms and provisions of the will must be such as to show an intention on the part of the testator to exclude the claim of dower.

In Adsit v. Adsit, 2 Johns. Ch. 448, 7 Am. Dec. 539, the chancellor says:

"The legacy is not declared by any express words in the will to be in lieu of dower. The inquiry, then, is whether such an intention in the testator is to be collected by clear and manifest implication from the provisions of the will. To enable us to deduce such an implied intention, the claim of dower must be inconsistent with the will, and repugnant to its dispositions, or some of them. It must, in fact, disturb or disappoint the will."

In this case dower was sustained, for every bequest could take effect and every disposition of the will be fulfilled consistently with the operation of the claim of dower.

In Vernon v. Vernon, 7 Lans. 492, it was held that:

"The widow is entitled to retain her dower and all other benefits given her by the will, unless the retention of her dower operates to defeat some other disposition in the will."

It seems to be well settled by a long line of authorities that, when there is no direct expression of intention to put the widow to her election, the question is, does the will contain any provision inconsistent with the claim of dower? Is there a clear incompatibility on the face of the will between a claim of dower and a claim to a benefit given by the will? Will the intention of the testator be defeated as to some part of the property bequeathed to others, if the widow takes her dower as well as the provision made for her in the will?

In the present case all these questions must be answered in the affirmative. There can be no question as to the intention of the testator. In the provision which he makes for his wife, he expressly excepts this piano. Then he bequeaths it to this petitioner. He goes even further, and specially enjoins upon his executor its delivery to her. He guarded the legacy to his granddaughter in every way he could, except by expressly stating that the provision for his wife was in lieu of her dower and other statutory rights in his estate.

It is evident, from the reading of this will, that the one thing this testator wished to do was to give this piano to his granddaughter. That was uppermost in his mind. He not only gave it to her, but he excepted it from the provision made for his wife, and enjoined its delivery upon his executors. The retention of the piano by the widow disturbs and disappoints the will at its most vital point, and is utterly repugnant and inconsistent with that provision of the will which evidently was the one in which the testator was the most concerned.

A decree should be entered herein in accordance with the prayer of the petition. Decreed accordingly.