The question presented is whether a former wife under the circumstances hereinafter considered is entitled to recover damages of her former husband for his breach of an agreement respecting weekly payments of money until such time as a divorce decree in an action then contemplated is entered in his favor.
Plaintiff and defendant intermarried in 1912 and there is one child of their union, a daughter, who is still a minor. By writ dated May 26, 1943, and returned to the Superior Court for this county on the first Tuesday of September, 1943, the defendant herein as plaintiff petitioned for a divorce from the plaintiff herein on the ground of intolerable cruelty extending from May 1, 1940, to the date of the writ. Thereafter an amendment to the complaint was filed in which the petitioner asked for the custody of the minor child, then 17 years of age. On February 29, 1944, that action was withdrawn upon the suggestion of the Superior Court (Shea, J.). *Page 397 
By a subsequent writ dated August 1, 1944, and returned to the Superior Court for this county on the first Tuesday of September, 1944, the defendant herein as plaintiff again petitioned for a divorce from the plaintiff herein on the same ground as in the earlier action, with prayer for custody of the minor child. The plaintiff herein as defendant on this occasion engaged an attorney to act as her counsel of record. No answer was filed by the defendant wife in that action and the case becameex parte. On December 5, 1944, the Superior Court (Mellitz, J.), entered a decree of divorce in favor of the defendant herein as plaintiff on the ground of intolerable cruelty and also awarded him custody of the minor child of the marriage.
During the pendency of the aforesaid actions in the Superior Court the plaintiff herein as defendant did not request the court for alimony pendente lite or for an allowance to defend. It appears, however, that before the first divorce action was instituted by the defendant in late May, 1943, the parties voluntarily and of their own accord signed their signatures to a paper the contents of which were written out at their request by the daughter. This paper (Ex. A) reads:
 "I agree to turn over the place, property at 198 South St., the way it stands with the consideration if said property is ever sold I, Ralph Long get $500.00 from the buyer and I will put in for a divorce at once and also pay Elsie B. Long $10.00 a week until divorce goes through.
(signed) "Ralph L. Long
 "I agree not to make any claims against Ralph L. Long or make him responsible for any bills.
(signed) "Elsie B. Long"
In addition to the foregoing recital the evidence at this trial supports the following facts:
1. Exhibit A was signed by the parties shortly before the first action for divorce was instituted by the defendant herein.
2. The property referred to in Exhibit A had been acquired by the plaintiff herein with money inherited from her father and at the time of the execution of the aforesaid writing stood in her name.
3. At the time Exhibit A was signed by the parties they were both desirous of having their marriage dissolved; it was naturally agreeable that the defendant herein take the initiative; *Page 398 
and the withdrawal of the first action (virtually by direction of court) did not change their minds on the subject, which remained the same even after the first action for divorce was withdrawn and at the commencement of and throughout the pendency of the second action which resulted in a decree on December 5, 1944.
4. Certain matters contained in Exhibit A were in lieu of any and all claims that the plaintiff herein might have had against the defendant such as alimony pendente lite and allowance to defend.
5. Certain other matters contained in Exhibit A. such as the husband's turning over to the wife what appears from the evidence to be her own property in consideration of $500 upon the sale of that property, are not subject to an explanation and finding one way or the other on the state of the record in this case.
6. From May 25, 1943, up to and including January 3, 1944, the defendant herein made 33 weekly payments of $10 pursuant to Exhibit A.
7. Between January 3, 1944, and the date of the decree on December 5, 1944 (the within action was instituted by writ dated December 21, 1944), the defendant did not make any weekly payments for a total of 48 consecutive weeks.
8. When the first action for divorce was withdrawn (February 29, 1944) it was the intention of the parties that Exhibit A remain in full force and effect between them until the outcome of a second action could be determined.
9. After the entry of the divorce decree in favor of the defendant herein on December 5, 1944, the plaintiff herein sold the property in question and pursuant to matters appearing in Exhibit A turned over to the defendant through his attorney $500 from the proceeds of such sale.
10. The defendant, acting by and through his attorney, accepted the money without any suggestion or claim that the money so turned over was pursuant to an illegal and void agreement; for all that appears the defendant in accepting this money did so as his just due and in reliance upon Exhibit A.
11. The parties have entered into other marriage alliances since their divorce. *Page 399 
In this action the plaintiff (former wife) seeks to recover of the defendant (her former husband) under Exhibit A for those weeks between January 3, 1944, and December 5, 1944 (48 in number) during which the defendant did not pay the stipulated $10. The defendant resists his alleged obligation under Exhibit A on five grounds: (1) his agreement therein is without consideration; (2) void as being against public policy; (3) entered into in view of a divorce proceeding; (4) plaintiff did not contest the divorce action nor attempt to secure alimony pendente lite; (5) it was he who secured the divorce as plaintiff therein.
Apparently the attention of the Superior Court was not called to the contents of Exhibit A. It should have been. See Lasprogato vs. Lasprogato, 127 Conn. 510, 514; Hooker vs.Hooker, 130 id. 41, 47. But it is also true that the plaintiff herein, notwithstanding the fact that she was party defendant in the divorce action, could have requested the Superior Court for an allowance to defend and alimony pendente lite. SeeValluzzo vs. Valuzzo, 104 Conn. 152; General Statutes, Revision of 1930, § 5182. This the plaintiff did not do in reliance upon Exhibit A. See paragraph 4, supra. Moreover, the defendant recognizes so much of Exhibit A under which he benefits from, and has been paid, part of the proceeds realized from the sale of the property. See paragraphs 9 and 10,supra. The defense to the action is rested upon technical as well as delicate grounds.
The cases relied upon by the defendant — Stilson vs. Stilson,46 Conn. 15 and Seeley's Appeal from Probate, 56 id. 202 — involve situations wherein the wife was party plaintiff in the earlier divorce action. A comparison of their facts with those of the case at bar make clear that they are distinguishable and therefore not controlling on the question. Manifestly the fact that the plaintiff in this action occupied the status of defendant wife in the earlier divorce actions is what lends to the case an element of the unique. However, the principles controlling the decision are of the stock variety.
Exhibit A is in effect a bilateral agreement. The plaintiff has performed her part of the agreement but not the defendant. There is nothing illegal concerning the defendant's specific promise to pay the plaintiff $10 a week until a decree was entered. It is breach of this specific promise by him which is directly involved in this action. This promise in any event was *Page 400 
in the nature of an obligation which the law would impose, in one form or another, until an adjudication of their differences. There was no such adjudication until December 5, 1944. We are concerned with a period prior thereto. Moreover the plaintiff has performed her promise or promises under Exhibit A to the satisfaction of the defendant. Hence the court would not be justified in concluding upon the subordinate facts that the defendant's specific promise upon which this action is based is not enforceable. See 6 Williston, Contracts (Rev. ed. 1938), § 1782, p. 5066; Restatement, Contracts, § 607, comment (a);LaFrance vs. LaFrance, 122 Conn. 556, 559 et seq.; and compareChurchward vs. Churchward, 132 Conn. 72. Conversely, the court does conclude that the promise is enforceable under the law.
 For reasons stated the issues are found for the plaintiff.
Damages sought by the plaintiff are in the amount of $500. The determined obligation relates to a period of 48 weeks at $10 a week, aggregating $480. In addition the plaintiff is entitled to interest on each unpaid weekly amount to date. Computation of interest exceeds $20 by a small margin thus bringing an award a few dollars over the damages sought. Accordingly, judgment will enter for the plaintiff to recover of the defendant the full amount of the damages she seeks, namely, $500. Costs follow as an incident of the judgment.